UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JUSTIN HILTON,

    Defendant.

    _____/

No. CR 13-172 PJH

**ORDER DENYING MOTION FOR EARLY TERMINATION OF PROBATION**

Before the court is the motion of defendant Justin Hilton for early termination of probation pursuant to 18 U.S.C. § 3564(c). The government has filed a non-opposition to the motion for early termination. Defendant's motion for early termination of probation is DENIED for the reasons set forth below.

**BACKGROUND**

This case arises from the Western District of Texas where Hilton was charged with conspiring to devise a scheme to defraud the United States Department of Housing and Urban Development (HUD). Indictment at 9. The conspiracy involved the purchase of HUD-owned houses by certifying the buyer of the house was an owner-occupant. Straw purchasers were arranged to buy houses and then transfer them back to the conspirators for sale to other individuals. At least 42 homes were acquired by straw purchasers and later resold. Id. at 11.

On May 10, 2012, the government filed an information alleging Hilton had knowledge of the commission of a federal felony by others, conspired to commit wire fraud in violation of 18 U.S.C. § 371, and knowingly and wilfully concealed the offense. Information at 1. On May 14, 2012, Hilton waived his right to prosecution by indictment and consented to

prosecution by information. Waiver of Indictment at 1. The government's motion to dismiss Justin Hilton from the indictment was subsequently granted on September 26, 2012. Order at 1.

On May 14, 2012, Hilton pled guilty to misprision of a felony pursuant to 18 U.S.C. § 4, and was placed on probation for 3 years. The terms of probation included the following special conditions: substance abuse treatment, release of financial information, required consent of the probation officer before new credit is incurred, two months home detention with electronic monitoring, a $91,000 fine, and no participation with properties owned by HUD. Judgment at 2.

On March 11, 2013, jurisdiction was transferred from the Western District of Texas to the Northern District of California.

**LEGAL STANDARD**

Early termination of probation is governed by 18 U.S.C. § 3564(c), which requires the court to consider factors set forth in § 3553(a), to the extent they are applicable. Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002) (considering factors enumerated in § 3583(e) for early termination of supervised release). See also United States v. Khan, 2012 WL 2906590 (N.D. Cal. Jul. 13, 2012) (considering factors enumerated in § 3553(a) for early termination of probation). After considering those § 3553(a) factors, the court may "terminate a term of probation previously ordered and discharge the defendant at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c).

**DISCUSSION**

There is no reported Ninth Circuit authority applying the standard under 18 U.S.C. § 3564(c) for early termination of probation. Both the government and the United States Probation Office ("USPO") cite authority applying the standard for early termination of

supervised release pursuant to § 3583(e), which requires consideration of certain sentencing factors set forth in § 3553(a).  See United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)).  Those § 3553(a) factors are similarly applicable to determine whether early termination of probation is warranted by the conduct of the defendant and the interest of justice, as required by § 3564(c).  See United States v. Floyd, 491 Fed. Appx. 331, 333 (3d Cir. 2012) ("statutes governing the early termination of probation, 18 U.S.C. § 3564(c), and the modification of supervised release, 18 U.S.C. § 3583(e), do expressly require consideration of 3553(a) factors").  The court therefore turns to established authority governing early termination of supervised release to determine whether early termination of probation is warranted under the relevant sentencing factors.  See United States v. Emmett, 749 F.3d 817, 820 (9th Cir. 2014) ("A district court's duty to explain its sentencing decisions must also extend to requests for early termination of supervised release.").

      Hilton's motion does not address all the relevant § 3553(a) factors, such as the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need for deterrence; the need to protect the public; the need to provide defendant with training or medical care; the relevant policies and provisions of the Sentencing Guidelines; and the need to avoid sentencing disparities.  Rather, Hilton focuses on his positive characteristics: he contends that he has completed 67% of the probation term, paid the $91,000 fine, maintains steady employment, lives with his family, and has been a law-abiding citizen. Mot. at 1.  In particular, Hilton emphasizes a commitment to community service through involvement in several charitable causes through financial assistance and by serving as a member of the board of the Challenge Day organization. Id. at 2.

      Looking to other § 3553(a) factors, Hilton pled guilty to misprision of a felony, an element of which is an affirmative step to conceal from authorities the fact that a felony has been committed. See United States v. Davila, 698 F.2d 715, 717 (5th Cir. 1983).  At the

3

1  time of sentencing, Hilton asked the court to sentence him to a three-year probation term,
2  which "will accurately reflect the seriousness of the offense committed and provide a just
3  outcome." Def's Sentencing Memo. at 3.  Furthermore, restitution was not ordered as part
4  of Hilton's sentence for the offense of misprision.
5        Hilton represents that his attorney communicated with Assistant United States
6  Attorney (AUSA) Dan Guess, of the United States Attorney's Office for the Western District
7  of Texas, who indicated that the government would oppose the early termination. Id.  In its
8  response to Hilton's motion, however, the government states that after consulting with the
9  prosecuting AUSA, it does not oppose early termination of probation.  The government
10 notes that Hilton has served 25 months of probation, fully paid his fine, has maintained
11 steady employment, and has complied with the conditions of his probation.  In particular,
12 Hilton has not engaged in any further HUD-related sales or transactions.  The government
13 argues that Hilton has been actively engaged in numerous charitable endeavors that
14 distinguish this case from other requests for early termination and demonstrate
15 exceptionally good behavior that may warrant early termination.  Gov't Statement of Non-
16 Opposition at 2.
17       The United States Probation Office (USPO) takes the position that Hilton is expected
18 to complete the full term of probation, absent extenuating circumstances or a situation
19 where the offender has performed above and beyond the expectations of the average
20 individual on supervision.  The USPO cites United States v. Lussier, 104 F.3d 32, 36 (2d
21 Cir. 1997), which the Ninth Circuit has cited favorably for the holding that early termination
22 of supervision is warranted where the defendant demonstrates changed circumstances,
23 such as exceptionally good behavior.

24      Section 3583(e) provides the district court with retained authority to
      revoke, discharge, or modify terms and conditions of supervised
25      release ... in order to account for new or unforeseen circumstances.
      Occasionally, changed circumstances—for instance, exceptionally
26      good behavior by the defendant or a downward turn in the defendant's
      ability to pay a fine or restitution imposed as conditions of release—will
27      render a previously imposed term or condition of release either too
      harsh or inappropriately tailored to serve the general punishment goals
28      of section 3553(a).

Miller, 205 F.3d at 1101 (quoting Lussier, 104 F.3d at 36). The USPO suggests that Hilton's actions, though commendable, are expected from a person on supervision and do not constitute exceptional behavior that would warrant early termination of probation. See United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (finding that the defendant's resumption of his "pre-incarceration life," including organizational endeavors, is commendable, but is expected of a person on supervised release and does not constitute the "exceptional behavior" contemplated by § 3583(e)(1)). The USPO is unaware of any circumstances that would warrant early termination.

   Hilton has failed to demonstrate "exceptionally good behavior" or other changed circumstances that would render the three-year probation term either too harsh or inappropriately tailored to serve general punishment goals. Miller, 205 F.3d at 1101. Hilton referred to his life history, prior drug use and homelessness, and his ongoing work as a counselor and charitable contributions at the time of sentencing, when he asked the court for a three-year probation term. Although Hilton's recent charitable work is commendable, Hilton has not shown that "new or unforeseen circumstances," that were not contemplated at the initial imposition of probation, have developed so as to warrant early termination. Id. Compliance with the conditions of probation is expected of an offender on probation and does not, alone, warrant early termination. Other judges in this district have similarly held that compliance with the terms of supervised release do not constitute the type of changed circumstances or exceptionally good behavior warranting early termination as contemplated by Lussier and its progeny. United States v. Bauer, CR 09-980 EJD, 2012 WL 1259251 (N.D. Cal. Apr. 13, 2012) ("compliance with release conditions, resumption of employment and engagement of family life [ ] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); United States v. Grossi, CR 04-40127 DLJ, 2011 WL 704364 (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination."). After considering the relevant § 3553(a) factors, and in the absence of exceptionally good behavior or changed circumstances, the court finds that

although Hilton has complied with his conditions of probation in commendable fashion, Hilton's conduct and the interest of justice do not warrant early termination of probation pursuant to § 3564(c).

Given a lack of changed circumstances or exceptionally good behavior to support early termination, the motion for early termination of probation is DENIED.  There shall be no modification to the terms or conditions of probation.

**IT IS SO ORDERED.**

Dated: July 28, 2014

PHYLLIS J. HAMILTON
United States District Judge